# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN B. RALEY,

    Plaintiff,

  vs.

BOB WILLIAMS, et al.,

    Defendants.

No. 2:14-cv-2652-JAM-CMK

FINDINGS AND RECOMMENDATION

Plaintiff, proceeding pro se, brings this civil action. Pending before the court is defendant's motion to dismiss (Doc. 8). Plaintiff filed an opposition to the motion, and defendant filed a reply. A hearing on the motion to dismiss was held on June 6, 2018, before the undersigned in Redding, California. Plaintiff appeared pro se; Attorney Jonz Norine appeared on behalf of defendants.

**I. BACKGROUND**

Plaintiff filed this action against Tehama County officials, including the Board of Supervisors, each named individually as well as the Board itself, the County Counsel of Tehama County, the County Administrator, the Director of the Department of Environmental Health, the County Sheriff, an Enforcement Officer, the County Clerk, and the Code Enforcement

Coordinator. The allegations in the complaint are difficult to decipher, but it appears plaintiff is a medical marijuana user who was growing marijuana plants on his property. The County enforcement officer cited plaintiff for growing too many plants, without proper fencing, and too close to the property line. Plaintiff was issued a notice to abate, as he was in violation of the County ordinance regulating marijuana grows. Plaintiff appealed the notice, and received a hearing before the Board of Supervisors. He was then fined for untimely abatement.

In his complaint, plaintiff alleges his due process rights were violated in regards to the notice of abatement and hearing procedures; his Equal Protection rights were violated as he was singled out for enforcement; the County ordinance is unlawful, unreasonable, and discriminatory; the excessive fines he was assessed were cruel and unusual punishment; his right to privacy was invaded by the enforcement officer trespassing on his property; the violation notice violated ex post facto laws because he was growing before the County passed the ordinance; he was deprived of his medication; and there were procedural violation as the appeal was heard by the Board of Supervisors.

## II. MOTION TO DISMISS

Defendants brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiffs fail to state a claim. Alternatively, defendants moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(5).

Plaintiff opposes the motion, arguing, *inter alia*, that the complaint is sufficient to state a due process violation, as well as other violations.

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no

party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

A. Judicial Notice

Prior to addressing the merits of the motion, the request for judicial notice should be addressed. As stated above, in deciding a Rule 12(b)(6) motion, the court may consider documents of which the court take judicial notice. Defendant has filed two requests for the court take judicial notice of different documents (Docs. 8-1, 14-1). The first request, filed with the motion to dismiss, asks the court to take judicial notice of the Tehama County Code regarding marijuana cultivation, the Notice to Abate issued to plaintiff, plaintiff's demand for appeal of notice to abate, plaintiff's claim for damages, the County's notice of rejection of claim for damages, the notice of hearing, the notice to abate unlawful marijuana cultivation appeal narrative, the Tehama County Board of Supervisors Resolution, the notice of fines due, and the code enforcement account invoice. The second request, filed with defendants' reply brief, asks the court to take judicial notice of the certified transcript of the Tehama County Board of Supervisors, dated May 20, 2014.

The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008).

A majority of the documents defendants want the court to take judicial notice are documents which are referred to in the complaint, or are documents upon which the complaint relies, whose authenticity is not questioned. Other documents, including the Tehama County

4

1 Code regarding marijuana cultivation, and the transcript of the Board of Supervisor's hearing, are matters of public record. However, the court does not find the documents necessary to address the motion to dismiss.

B. Motion to Dismiss

Defendants argue the court should dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to prosecute.

The federal basis of plaintiff's complaint appears to be a denial of due process and equal protection. The remaining possible claims appear to be state law claims, but those are somewhat unclear. The defendants focus on the state law issues raised in the complaint, and fail to adequately address the federal issues. In essence, the defendants contend plaintiff failed to follow the proper procedure for challenging the Board of Supervisor's decision. They argue the exclusive remedy plaintiff has for such a challenge is an administrative writ. Similarly, they argue plaintiff failed to comply with the Government Claims Act. However, plaintiff raises due process violations as well as equal protection claims, which would not be thwarted by the defects the defendants raise. As those are lesser arguments, which only relate to the court's pendent jurisdiction over the state law claim, those are addressed later. First, it is more important to address the federal claims, violation of the 14th Amendment Due Process rights, and Equal Protection.

1. Due Process

Although plaintiff's contentions are not stated succinctly and clearly, reading the complaint broadly as the court must, he alleges his due process rights were violated throughout the abatement process. Essentially, he alleges the Board of Supervisors relied upon a report by Enforcement Officer Rulofson, which contained false information. He also contends he was not given adequate notice as he was provided a copy of the report by Rulofson five minutes before the hearing.

"The Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the stature of 'property' within the meaning of the Due Process Clause." Memphis Light Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978). "Property interests derive not from the Constitution but from existing rules or understandings that stem from an independent source such as state law...." Samson v. City of Bainbridge Island, 683 F.3d 1051, 1057 (9th Cir.2012); see Memphis Light, 436 U.S. at 9; Lawson v. Umatilla County, 139 F.3d 690, 692 (9th Cir. Or.1998). However, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." Memphis Light, 436 U.S. at 9; Samson, 683 F.3d at 1057; Lawson, 139 F.3d at 692. That is, even though "state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest." Brady v. Gebbie, 859 F.2d 1543, 1548 n. 3 (9th Cir.1988). If a person possess a protected property interest, then "some form of hearing is required before an individual is finally deprived of [that] property interest," because "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976); United States v. Clifford Matley Family Trust, 354 F.3d 1154, 1161 (9th Cir.2004).

There is a fundamental problem with plaintiff's due process claim that the parties have not addressed. Plaintiff's claim in this case relate to the proceedings relating the abatement of his property, specifically marijuana. Cases in the Eastern District of California have dismissed federal due process claims where the property interest at issue was possession of marijuana. See Staffin v. County of Shasta, 2013 U.S. Dist. LEXIS 64625, 12–14, 2013 WL 1896812 (E .D. Cal. May 6, 2013); Schmidt v. County of Nev., 2011 U.S. Dist. LEXIS 78111, 2011 WL 2967786 (E.D. Cal. July 19, 2011). In both cases, no protected property interest was found for purposes of the Fourteenth Amendment. See id. In Schmidt, the court explained:

> The Supreme Court has held that no person can have a legally protected interest in contraband per se. See United States v. Jeffers,

> 342 U.S. 48, 53, 72 S.Ct. 93, 96 L.Ed. 59 (1951); see also Cooper v. City of Greenwood. Mississippi, 904 F.2d 302, 305 (5th Cir.1990). . . . "An object is contraband per se if its possession, without more, constitutes a crime; or in other words, there is no legal purpose to which the object could be put." United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir.2008). Under the federal Controlled Substances Act ("CSA"), it is illegal for any private person to possess marijuana. 21 U.S.C. §§ 812(c), 841(a)(1), 844(a). Thus, under federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it. See Gonzales v. Raich, 545 U.S. 1, 27, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) ("The CSA designates marijuana as contraband for any purpose.").
>
> "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Id. at 29. While California's Compassionate Use Act provides narrow exceptions for marijuana use involving qualified patients and care givers, federal law dictates that marijuana is illegal for any purpose. Id. at 27. . . .
>
> In this case, plaintiff cannot recover damages as a result of the confiscation or destruction of marijuana because he had no cognizable property interest in the marijuana. Plaintiff asserts a due process claim under the federal Constitution in federal court, where, under federal law, marijuana is undisputably illegal and contraband per se.

Schmidt, 2011 U.S. Dist. LEXIS 78111 at *15–*17, 2011 WL 2967786;3 see also Marble v. Strecker, 2014 U.S. Dist. LEXIS 50770, *22 (D. Mont. Feb. 26, 2014) (citing Schmidt and holding that plaintiff did not have a "federal property interest" in marijuana or a state issued marijuana card because marijuana is contraband per se under federal law). Similarly, Staffin relied in part on Schmidt and explained:

> Procedural due process, as required by the United States Constitution, protects only those matters that may be construed as liberty or property interests. Conejo Wellness Ctr., Inc. v. City of Agoura Hills, 214 Cal.App.4th 1534, 154 Cal.Rptr.3d 850 (2013) . . . (noting the differences between procedural due process under the United States and California Constitutions). However, no person can have a legally protected interest in contraband per se. Schmidt v. Cnty. of Nevada, 2011 WL 2967786, at *5–6 (E.D. Cal. July 19, 2011) (citations omitted). Therefore, because marijuana is contraband per se under federal law, as mentioned above, no person can have a cognizable legal interest in it. Id.

Staffin, 2013 U.S. Dist. LEXIS 64625 at *13, 2013 WL 1896812.

7

Thus, plaintiff's claims that his due process rights were violated in relation to his possession of marijuana fail in this court as a matter of law. The claim should therefore be dismissed, and no amendment can cure the defect.

2. Equal Protection

Plaintiff's second federal claim appears to be an equal protection claim. He argues that he was singled out for enforcement of the marijuana ordinance. He contends that several neighbors are also in violation of the ordinance, and they have not been found to be in violation. Defendants argue "there is no such thing as an 'unfair and selective' code enforcement" citing state law. See City & Cty. of San Francisco v. Burton, 201 Cal. App. 2d 749, 755 (1962).

The Equal Protection Clause of the Fourteenth Amendment forbids a state from " 'deny[ing] to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). The clause is violated when official state action creates classifications that are not "rationally related to a legitimate state interest" (unless classifications warranting a heightened scrutiny level are at issue, in which case stricter scrutiny of the discriminatory enforcement's relation to a valid state interest is required). Id. at 440.

Such classifications can arise through discriminatory state enforcement. SeaRiver Mar. Fin. Holdings Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). When a state discriminately enforces a regulation thereby denying a targeted "class of one" equal protection under the law, an unequal enforcement claim can arise. Id. In order to bring a "class of one" claim, plaintiff must allege that the County: "(1) intentionally (2) treated [plaintiff] differently than other similarly situated property owners, (3) without a rational basis." Gerhart v. Lake County, 637 F.3d 1013, 1022 (9th Cir.2011). In alleging different treatment, "a plaintiff must demonstrate that 'the level of similarity between plaintiff and the persons with whom they compare themselves must be

extremely high.' " Wilson v. City of Fresno, No. 09-cv-0887 LJO SMS, 2009 WL 3233879, at *7 (E.D. Cal. Oct.2, 2009) (quoting Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir.2005)). Plaintiff "must demonstrate that they were treated differently than someone who is prima facie identical in all relevant respects." Id. (quoting Purze v. Village of Winthrop Harbor, 286 F.3d 452, 455 (7th Cir.2002)). In addition, a class-of-one plaintiff must also show that the difference in treatment resulted from non-discretionary state action. See Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591 (2008).

"The class-of-one doctrine does not apply to forms of state action that 'by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments.'" Towery v. Brewer, , 660 (9th Cir. 2012) (quoting Engquist, 553 U.S. at 603). See, e.g., Flowers v. City of Minneapolis, 558 F.3d 794, 799–800 (8th Cir.2009) (concluding that "a police officer's decisions regarding whom to investigate and how to investigate are matters that necessarily involve discretion," and thus "they may not be attacked in a class-of-one equal protection claim"); Novotny v. Tripp County, S.D., 664 F.3d 1173, 1179 (8th Cir.2011) (holding that the enforcement of a weed abatement ordinance was discretionary and "not the result of arbitrary government classification," and thus not subject to a class of one challenge); Papas v. Leonard, No. 3:10–CV–00550–BR, 2012 WL 1445853, at *17 (D. Or. Apr. 25, 2012) (finding the plaintiffs' challenge to discretionary code enforcement decisions did not state cognizable class of one claim).

Plaintiff argues in his opposition to the motion to dismiss that he was the only one targeted for abatement in his entire community of Rancho Tehama. He argues that other property in the immediate area are cultivating marijuana with larger grows that he had, with partial or no fences and clearly visible from the street. However, the other cultivations were not subject to abatement or enforcement issues. In essence, he contends he was targeted for selective enforcement.

///

While plaintiff states in the complaint that he was unfairly singled out, other than his conclusory statements, he fails to allege facts demonstrating that the defendants failed to enforce the marijuana ordinances against similarly situated property owners, that he was intentionally targeted, and that such disparate treatment lacked a rational basis. In addition, the selective enforcement plaintiff is complaining about is the type of discretionary action addressed in the cases cited above. There is no argument that the County Ordinance is not uniformly applicable, and county officials can exercise "discretionary authority based on subjective, individualized determinations." See Engquist, 553 U.S. at 602-03. The decision as to whether a property is in violation of a county ordinance is subject to the type of discretionary decision making courts have found are not in violation of the class-of-one doctrine. Thus, the undersigned finds plaintiff fails to state a claim for violation of his equal protection rights.

3. Excessive Fine

The Eighth Amendment provides "Excessive bail shall not be required, nor excessive fines imposed not cruel and unusual punishments inflicted." In Austin v. United States, 509 U.S. 602, 609-610 (1993) (1989), the Supreme Court held that the Excessive Fines Clause "limits the Government's power to extract payments, whether in cash or in kind 'as punishment for some offense.'" Under constitutional principles "[a] penalty is unconstitutionally excessive if (1) the payment to the government constitutes punishment for an offense, and (2) the payment is grossly disproportionate to the gravity of the defendant's offense." U.S. v. Mackby, 261 F.3d 821, 829 (9th Cir. 2001) (citing United States v. Bajakajian, 524 U.S. 321, 327–28, 334 (1998)).

Here, plaintiff alleges "[t]hat the respondents' actions inflicted undue hardship, cruel and unusual punishment and mental and emotional distress and anguish on Raley be defaming his character and *attempting* to unlawfully impose an excessive fine which they knew he could not pay." (Comp., Doc. 1 at 6 (emphasis added)). He does not, however, contend that an excessive fine was actually imposed, nor that it was imposed as punishment rather than for a remedial purpose.

Plaintiff's conclusory allegations relating to any potential Eighth Amendment violation for the fines imposed is too vague and conclusory to state a claim. To the extent plaintiff alleges his Eighth Amendment rights were violated by the defendants attempting to impose an excessive fine, he cannot state a claim. Unless excessive fines were actually imposed, and the fines were imposed for punishment rather than for a remedial purpose, no Eighth Amendment violation would be possible.

3. State Law Claims

The above claims are the only potential federal claims the court can identify. The remainder of the claims appear to be state law claims, including trespass and deprivation of medicine. In addition, plaintiff contends the County Ordinance is unlawful, violates ex post facto laws, and there were procedural issues.

Defendants move to dismiss claims as plaintiff failed to comply with the Government Claims Act.

> The CTCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. See Cal. Gov't. Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the CTCA. Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988).

Hendon v. Ramsey. 528 F. Supp. 2d 1058, 1069 (S.D. Cal. 2007).

Here, defendants contend that plaintiff's only government claim was brought before the Board's hearing and therefore only potentially exhausted the claim of issuing the Notice of Abatement. Plaintiff fails to address this argument in his opposition to the motion. It would appear therefore that the state law claims, if any, would be unexhausted. However, plaintiff may be able to cure this defect. He should be questioned as to whether any CTCA claim was filed with regards to any state law claim he may be attempting to allege.

Defendants also contend that plaintiff's sole remedy for challenging the Board of Supervisors's decision is a filing of a Writ of Mandate in the State Court, citing Saad v. City of Berkeley, 24 Cal. App. 4th 1206 (1994); State of California v. Superior Court, 12 Cal. 3d 237, 249 (1974); Cal. Civ. Proc. Code § 1094.5. However, as the court reads the complaint, plaintiff is not solely challenging the Board's final decision. Rather, as set forth above, he is claiming violation of his federally protected rights. If plaintiff was only challenging the denial of a variance, the defendants' argument may have some merit. However, this case goes beyond such a limited issue.

Finally, to the extent plaintiff is challenging the marijuana ordinance, the California Courts have already determined that the Tehama County Ordinance does not violate other state law or constitutional rights. See Browne v. Cty. of Tehama, 213 Cal. App. 4th 704 (2013). In addition, as discussed above, there is no US Constitutional right related to cultivation of marijuana. As such, there cannot be a federal constitutional violation restricting the cultivation of marijuana.

   8. Pleading Defects

There are several pleading defects with plaintiff's complaint. As the undersigned finds plaintiff is unable to state a claim based on the discussion above, the pleading defects are inconsequential. In general, plaintiff fails to link any of the defendants to the potential federal claims raised herein. With limited exception, there are no facts alleged in the complaint against a majority of the defendants. See generally, Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Fed. R. Civ. Proc. 8. In addition, defendants contend a number of individual defendants are immune, including the members of the Board of Supervisors, the acting County Counsel, and other high-ranking officials, linking their positions as absolute legislative activity. These specific pleading defects are noted, but as the undersigned will recommend the motion to dismiss be granted for the

reasons stated above, it is not necessary to discuss each in detail here.

9. Service Errors

Finally, defendants move to dismiss under 12(b)(2), (5) for lack of personal jurisdiction and insufficient service of process. Plaintiff apparently utilized a process server to serve the defendants. This individual left partial copies of the Summons and Complaint with the Assistant Clerk of the Board for the County of Tehama for the Board of Supervisor defendants. Defendants contend that the Complaint left was not signed by plaintiff, and did not have copies of photographs which were part of original complaint[1], the return of service was incomplete as there was no indication the individual serving was at least 18 years old, and plaintiff failed to serve a copy of the Order Setting Status Conference and Consent. In addition, several of the defendants served in this manner are no longer employed by the County. Defendants argue that leaving the service documents for other defendants, beyond the Board of Supervisory defendants, was insufficient as personal service was required.

In essence, defendants contend none of the defendants were properly served. They are asking for dismissal of the entire action. See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985) ("service of process is insufficient, '[t]he courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant,' 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 585 (1969) (footnote omitted), even though service will ordinarily be quashed and the action preserved where 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly,' id. at 586 (footnote omitted).")

Plaintiff was granted in forma pauperis status, but chose to serve the defendants himself instead of utilizing the US Marshal. If service is quashed, plaintiff may be able to request to utilize the US Marshal to perfect service. It appears, based on the above discussion, to

---

[1] However, the court notes that the complaint filed with the court does not contain any photographs.

similarly be unnecessary to address this issue.

### III. CONCLUSION

Based on the facts alleged, and the discussion above, plaintiff's complaint fails to state a claim. It appears clear that no amendment can cure the defects.

Accordingly, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 8) be granted;
2. Plaintiff's complaint be dismissed without leave to amend; and
3. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE