1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    STEPHEN RALEY,                              No.  2:14-CV-2652-JAM-DMC

12                    Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14    BOB WILLIAMS, et al.,

15                    Defendants.

16

17          Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the

18   court is defendants' motion to dismiss (Doc. 22).  The matter was heard before the undersigned in

19   Redding, California, on March 6, 2019, at 10:00 a.m.  Stephen Raley appeared pro se.  Jonz

20   Norine, Esq., appeared for defendants.  After hearing arguments, the matter was submitted.

21

22                               **I.  BACKGROUND**

23   **A.    Procedural History**

24          Plaintiff initiated this action by way of a complaint filed on November 13, 2014.

25   Defendants responded with a motion to dismiss filed on April 9, 2018.  In findings and

26   recommendations issued on August 23, 2018, the court recommended dismissal of the action

27   without leave to amend.  See Doc. 17.  The District Judge adopted the findings and

28   / / /

recommendations in part and modified the findings and recommendations in part and provided

plaintiff an opportunity to amend. See Doc. 20.

> ### 1.    Magistrate Judge's Findings and Recommendations

In the findings and recommendations, the court summarized plaintiff's

allegations as follows:

> Plaintiff filed this action against Tehama County officials, including the Board of Supervisors, each named individually as well as the Board itself, the County Counsel of Tehama County, the County Administrator, the Director of the Department of Environmental Health, the County Sheriff, an Enforcement Officer, the County Clerk, and the Code Enforcement Coordinator. The allegations in the complaint are difficult to decipher, but it appears plaintiff is a medical marijuana user who was growing marijuana plants on his property. The County enforcement officer cited plaintiff for growing too many plants, without proper fencing, and too close to the property line. Plaintiff was issued a notice to abate, as he was in violation of the County ordinance regulating marijuana grows. Plaintiff appealed the notice and received a hearing before the Board of Supervisors. He was then was fined for untimely abatement.
>
> In his complaint, plaintiff alleges his due process rights were violated in regards to the notice of abatement and hearing procedures; his Equal Protection rights were violated as he was singled out for enforcement; the County ordinance is unlawful, unreasonable, and discriminatory; the excessive fines he was assessed were cruel and unusual punishment; his right to privacy was invaded by the enforcement officer trespassing on his property; the violation notice violated ex post facto laws because he was growing before the County passed the ordinance; he was deprived of his medication; and there were procedural violation as the appeal was heard by the Board of Supervisors.

Doc. 17, pgs. 1-2.

As to plaintiff's due process claim, the court held:

> Although plaintiff's contentions are not stated succinctly and clearly, reading the complaint broadly as the court must, he alleges his due process rights were violated throughout the abatement process. Essentially, he alleges the Board of Supervisors relied upon a report by Enforcement Officer Rulofson, which contained false information. He also contends he was not given adequate notice as he was provided a copy of the report by Rulofson five minutes before the hearing.
> "The Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the stature of 'property' within the meaning of the Due Process Clause." Memphis Light Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978). "Property interests derive not from the Constitution but from existing rules or understandings that stem from an independent source such as state law...." Samson v. City of Bainbridge Island, 683 F.3d 1051, 1057 (9th Cir.2012); see Memphis Light, 436 U.S. at 9; Lawson v. Umatilla County, 139 F.3d 690, 692 (9th Cir. Or.1998). However, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement

2

protected by the Due Process Clause." Memphis Light, 436 U.S. at 9; Samson, 683 F.3d at 1057; Lawson, 139 F.3d at 692. That is, even though "state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest." Brady v. Gebbie, 859 F.2d 1543, 1548 n. 3 (9th Cir.1988). If a person possess a protected property interest, then "some form of hearing is required before an individual is finally deprived of [that] property interest," because "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976); United States v. Clifford Matley Family Trust, 354 F.3d 1154, 1161 (9th Cir.2004).

        There is a fundamental problem with plaintiff's due process claim that the parties have not addressed. Plaintiff's claim in this case relate to the proceedings relating the abatement of his property, specifically marijuana. Cases in the Eastern District of California have dismissed federal due process claims where the property interest at issue was possession of marijuana. See Staffin v. County of Shasta, 2013 U.S. Dist. LEXIS 64625, 12–14, 2013 WL 1896812 (E.D. Cal. May 6, 2013); Schmidt v. County of Nev., 2011 U.S. Dist. LEXIS 78111, 2011 WL 2967786 (E.D. Cal. July 19, 2011). In both cases, no protected property interest was found for purposes of the Fourteenth Amendment. See id. In Schmidt, the court explained:

> The Supreme Court has held that no person can have a legally protected interest in contraband per se. See United States v. Jeffers, 342 U.S. 48, 53, 72 S.Ct. 93, 96 L.Ed. 59 (1951); see also Cooper v. City of Greenwood. Mississippi, 904 F.2d 302, 305 (5th Cir.1990). . . . "An object is contraband per se if its possession, without more, constitutes a crime; or in other words, there is no legal purpose to which the object could be put." United States v. Harrell, 530 F.3d 1051, 1057 (9th Cir. 2008). Under the federal Controlled Substances Act ("CSA"), it is illegal for any private person to possess marijuana. 21 U.S.C. §§ 812(c), 841(a)(1), 844(a). Thus, under federal law, marijuana is contraband per se, which means no person can have a cognizable legal interest in it. See Gonzales v. Raich, 545 U.S. 1, 27, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005) ("The CSA designates marijuana as contraband for any purpose.").
>
> "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Id. at 29. While California's Compassionate Use Act provides narrow exceptions for marijuana use involving qualified patients and care givers, federal law dictates that marijuana is illegal for any purpose. Id. at 27. . . .
>
> In this case, plaintiff cannot recover damages as a result of the confiscation or destruction of marijuana because he had no cognizable property interest in the marijuana. Plaintiff asserts a due process claim under the federal Constitution in federal court, where, under

3

federal law, marijuana is undisputably illegal and
contraband per se.

Schmidt, 2011 U.S. Dist. LEXIS 78111 at *15–*17, 2011 WL 2967786;3 see
also Marble v. Strecker, 2014 U.S. Dist. LEXIS 50770, *22 (D. Mont. Feb.
26, 2014) (citing Schmidt and holding that plaintiff did not have a "federal
property interest" in marijuana or a state issued marijuana card because
marijuana is contraband per se under federal law). Similarly, Staffin relied in
part on Schmidt and explained:

>           Procedural due process, as required by the United
>           States Constitution, protects only those matters that
>           may be construed as liberty or property interests.
>           Conejo Wellness Ctr., Inc. v. City of Agoura Hills,
>           214 Cal.App.4th 1534, 154 Cal.Rptr.3d 850 (2013) . .
>           . (noting the differences between procedural due
>           process under the United States and California
>           Constitutions). However, no person can have a legally
>           protected interest in contraband per se.
>           Schmidt v. Cnty. of Nevada, 2011 WL 2967786, at
>           *5–6 (E.D. Cal. July 19, 2011) (citations omitted).
>           Therefore, because marijuana is contraband per se
>           under federal law, as mentioned above, no person can
>           have a cognizable legal interest in it. Id.

Staffin, 2013 U.S. Dist. LEXIS 64625 at *13, 2013 WL 1896812.
           Thus, plaintiff's claims that his due process rights were
violated in relation to his possession of marijuana fail in this court as a matter
of law. The claim should therefore be dismissed, and no amendment can cure
the defect.

Doc. 17, pgs. 5-8.

Regarding an apparent equal protection claim, the court stated:

>           Plaintiff's second federal claim appears to be an equal
>   protection claim. He argues that he was singled out for enforcement of the
>   marijuana ordinance. He contends that several neighbors are also in violation
>   of the ordinance, and they have not been found to be in violation. Defendants
>   argue "there is no such thing as an 'unfair and selective' code
>   enforcement" citing state law. See City & Cty. of San Francisco v. Burton,
>   201 Cal. App. 2d 749, 755 (1962).
>
>                               * * *
>
>           Plaintiff argues in his opposition to the motion to dismiss that
>   he was the only one targeted for abatement in his entire community of
>   Rancho Tehama. He argues that other property in the immediate area are
>   cultivating marijuana with larger grows that he had, with partial or no
>   fences and clearly visible from the street. However, the other cultivations
>   were not subject to abatement or enforcement issues. In essence, he contends
>   he was targeted for selective enforcement.

///

4

1    While plaintiff states in the complaint that he was unfairly
singled out, other than his conclusory statements, he fails to allege facts
2   demonstrating that the defendants failed to enforce the marijuana ordinances
against similarly situated property owners, that he was intentionally targeted,
3   and that such disparate treatment lacked a rational basis. In addition, the
selective enforcement plaintiff is complaining about is the type of
4   discretionary action addressed in the cases cited above. There is no argument
that the County Ordinance is not uniformly applicable, and county officials
5   can exercise "discretionary authority based on subjective, individualized
determinations." See Engquist, 553 U.S. at 602-03. The decision as to
6   whether a property is in violation of a county ordinance is subject to the type
of discretionary decision-making courts have found are not in violation of the
7   class-of-one doctrine. Thus, the undersigned finds plaintiff fails to state a
claim for violation of his equal protection rights.
8
    Doc. 17, pgs. 8-10.
9

10   The court also held plaintiff failed to state a claim for excessive fines:

11    The Eighth Amendment provides "Excessive bail shall not be
required, nor excessive fines imposed not cruel and unusual punishments
12   inflicted." In Austin v. United States, 509 U.S. 602, 609-610 (1993) (1989),
the Supreme Court held that the Excessive Fines Clause "limits the
13   Government's power to extract payments, whether in cash or in kind 'as
punishment for some offense.'" Under constitutional principles "[a] penalty
14   is unconstitutionally excessive if (1) the payment to the government
constitutes punishment for an offense, and (2) the payment is grossly
15   disproportionate to the gravity of the defendant's offense." U.S. v. Mackby,
261 F.3d 821, 829 (9th Cir. 2001) (citing United States v. Bajakajian, 524
16   U.S. 321, 327–28, 334 (1998)). Here, plaintiff alleges "[t]hat the
respondents' actions inflicted undue hardship, cruel and unusual punishment
17   and mental and emotional distress and anguish on Raley be defaming his
character and *attempting* to unlawfully impose an excessive fine which they
18   knew he could not pay." (Comp., Doc. 1 at 6 (emphasis added)). He does not,
however, contend that an excessive fine was actually imposed, nor that it was
19   imposed as punishment rather than for a remedial purpose.
    Plaintiff's conclusory allegations relating to any potential
20   Eighth Amendment violation for the fines imposed is too vague and
conclusory to state a claim. To the extent plaintiff alleges his Eighth
21   Amendment rights were violated by the defendants attempting to impose an
excessive fine, he cannot state a claim. Unless excessive fines were actually
22   imposed, and the fines were imposed for punishment rather than for a
remedial purpose, no Eighth Amendment violation would be possible.
23
    Doc. 17, pgs. 10-11.
24

25 / / /

26 / / /

27 / / /

28 / / /

5

1        2.     District Judge's Order

2        The District Judge adopted the findings and recommendations with respect to

3  plaintiff's due process and equal protection, which the court dismissed with prejudice. See

4  Doc. 20. The court, however, modified the findings and recommendations without explanation

5  with respect to plaintiff's excessive fines claim, which was dismissed with leave to amend.

6  See id.

7        **B.**     **Plaintiff's Current Allegations**

8        Pursuant to the District Judge's order, plaintiff filed a document entitled

9  "Plaintiff's Response to Court Order and Amended Writ of Mandate," which can be construed

10  as plaintiff's amended complaint (Doc. 21). Regarding fines, plaintiff now claims he was in

11  fact ultimately assessed a fine in the amount of $2,000.00. See id. at pgs. 9-10. According to

12  plaintiff, a lien was placed on his home for unpaid fines, which he settled by paying $1,000.00

13  to the County of Tehama. See id. at 10.

14

15        **II. STANDARD FOR MOTION TO DISMISS**

16        In considering a motion to dismiss, the court must accept all allegations of material

17  fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must

18  also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes,

19  416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

20  (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or

21  doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411,

22  421 (1969). However, legally conclusory statements, not supported by actual factual allegations,

23  need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se

24  pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v.

25  Kerner, 404 U.S. 519, 520 (1972).

26  / /

27  / / /

28  / / /

1           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

2    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

3    notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,

4    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

5    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

6    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

7    allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The

8    complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id.  at

9    570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

10   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

11   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

12   it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

13   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

14   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

15   to relief." Id. (quoting Twombly, 550 U.S. at 557).

16          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

17   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

18   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

19   documents whose contents are alleged in or attached to the complaint and whose authenticity no

20   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

21   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

22   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

23   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

24   1994).

25          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

26   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

27   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

28   / / /

## III. DISCUSSION

Defendants argue the current complaint does not support the only remaining claims of excessive fines under the Eighth Amendment because the fine imposed was not grossly disproportionate to the offense. The court agrees. As defendants note, plaintiff claims he was fined $500.00 per day for violating the county's ordinance prohibiting outdoor marijuana cultivation. Plaintiff also states that, although he was not in compliance for several weeks, he was ultimately only fined $1,000.00. Thus, on the face of the amended complaint, it cannot be said plaintiff was subjected to excessive fines. See Mackby, 261 F.3d at 829; Bajakajian, 524 U.S. at 327–28, 334. To the contrary, his ultimate fine amount represented a substantial discount.

## IV. CONCLUSION

Because no further amendment could possibly cure the defect in plaintiff's only remaining federal claim relating to excessive fines, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, defendants' motion to dismiss should be granted, and this action should be dismissed in its entirety with prejudice.

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss (Doc. 22) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8